# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ST. PETER CONDO ASSOCIATION, INC.** | * * | **CIVIL ACTION NO.** _____ |
| Plaintiff, | * * | |
| **VERSUS** | * * | |
| **ATAIN SPECIALTY INSURANCE COMPANY,** | * * * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Complainant, St. Peter Condo Association, Inc., (hereinafter "Complainant"), and files their Complaint against Defendant, Atain Specialty Insurance Company (hereinafter "Defendant" or "Atain"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is St. Peter Condo Association, Inc, a Louisiana non-profit corporation domiciled and with its principal place of business located at 1008 St. Peter Street, New Orleans, LA 70116.

2. Made Defendant herein is Atain Specialty Insurance Company, a foreign insurance company licensed to do business in the State of Louisiana and the Parish of Orleans, which may be served through its Registered Agent of Service of Process: the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Complainants reside in this District and the Properties that are subject to the dispute between Complainants and Defendant are located in this District.

### III.   RELEVANT FACTS

5. At all times relevant hereto, Complainant owned the properties ("The Properties") located at the following addresses: 1008-10 St. Peter Street, New Orleans, LA 70116 and 1008 ½ St. Peter Street, New Orleans, LA 70116.

6. At all times relevant hereto, Defendant provided a policy of insurance, Policy Number CIP426781 (the "Policy"), to Complainant which covered the Properties against perils including wind, hail, and water.

7. On August 29, 2021, Hurricane Ida damaged the Complainant's Properties causing significant damage to and throughout the buildings.

8. In the near aftermath of the Hurricane, Complainant reported their loss to their insurer, Atain, and was assigned claim number 2108246.

9. Upon notification of the loss, Defendant inspected the Properties, and provided estimates on the claim.

10. These estimates, however, grossly underreported the damages to the Properties.

11. Atain's inspections of the Properties constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

12. Once Complainant realized Defendant would not adjust their claim fairly, they hired the independent adjusters of Property Damage Consultants, LLC to inspect the Properties and document their findings.

13. On April 14, 2022, they inspected the Properties and created a report indicating that the Properties had been damaged by the Hurricane and an estimate documenting the following amounts required for repair and replacement: $188,734.41 in damage to the dwelling.

14. On May 4, 2022, a demand for release of unconditional tenders was sent to Atain, along with the estimate of Property Damage Consultants, LLC, demonstrating the losses documented therein.

15. Despite receiving this proof of loss, Defendant has yet to tender adequate insurance proceeds.

16. Complainant attempted to recover the remaining amount of their damages from Defendant to no avail.

17. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Complainant's Properties.

18. Upon information and belief, Defendant purposefully and/or negligently failed to timely tender proceeds due Complainant after having received satisfactory proof of loss.

19. Upon information and belief, Defendant purposefully and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

20. Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's claim in bad faith.

21. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value and over depreciated the losses.

22. Upon information and belief, Defendant purposefully or at least negligently failed to include adequate overhead and profit in its estimates of damages.

23. Complainant has incurred additional expenses in making repairs because Defendant failed to timely compensate them for their losses under the Policy.

24. Complainant incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on their claims under the Policy.

25. Complainant has incurred or may incur additional living expenses as a result of the damages caused to their Properties by Hurricane Ida, including those additional living expenses that may be incurred during the repair of the Properties.

## IV.     CAUSES OF ACTION

### A.     Breach of Insurance Contract

26. Complainant realleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

27. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

28. An insurance contract, the Policy, exists between Complainant and Defendant.

29. By purposefully and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

30. By purposefully and/or negligently misrepresenting to Complainant the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

31. By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

32. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the insurance contract.

33. By failing to adequately compensate Complainant for the damages to the Properties, including contents, as required by the Policy, Defendant breached the insurance contract.

34. Complainant has suffered and continues to suffer damages as a result of these breaches of the insurance contract.

**B.     Bad Faith**

35. Complainant realleges and re-avers the allegations contained in Paragraphs 1-34, above, as if restated herein.

36. The actions and/or inactions of Defendant in failing to adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

37. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

38. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

39. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

40. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Properties and after Complainant independently provided documentation of the damages and replacement costs needed.

41. Defendant's misrepresentation of the terms of the Policy was in bad faith.

42. Defendant's failure to pay timely for damages Defendant knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

43. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

## V.   DAMAGES

44. Complainant realleges and re-avers the allegations contained in Paragraphs 1-43, above, as if restated herein.

45. Defendant is liable to Complainant under the following legal theories:

   a. Breach of Contract;

   b. Bad faith claims adjusting practices, including but not limited to, failing to adequately adjust Complainant's claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a

    failure to pay the relevant claims; failure to pay timely for damages Atain knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.; and

  c. Negligent claims adjusting practices leading to the incurrence of professional fees.

46. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

  a. Diminution of the value of the Properties;

  b. Actual repair costs;

  c. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

  d. Consequential Damages;

  e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

47. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, St. Peter Condo Association, Inc., prays that, Defendant, Atain Specialty Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, St. Peter Condo Association, Inc., and against Defendant, Atain Specialty Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand

until fully paid, for penalties and attorney fees, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted:

_____
**THE VOORHIES LAW FIRM**
RICHARD P. VOORHIES III (#30782)
MICHAEL LONEGRASS (#28124)
Energy Centre
1100 Poydras St., Suite 2810
New Orleans, Louisiana 70163
Phone: (504) 875-2223
Fax: (504) 875-4882
E-mail: richard@voorhieslaw.com
          mike@voorhieslaw.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE**:

**ATAIN SPECIALTY INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 Archives Avenue**
**Baton Rouge, Louisiana 70809**